UNITED STATE DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| J.E.F.<br><br>Plaintiff(s),<br><br>v.<br><br>BIG BROTHERS BIG SISTERS OF AMERICA; and BIG BROTHERS-BIG SISTERS OF SOMERSET COUNTY<br><br>Defendant(s) | CIVIL ACTION NO.:<br><br>NOTICE OF REMOVAL ON BEHALF OF DEFENDANT BIG BROTHERS BIG SISTERS OF AMERICA |

TO: Clarkson S. Fisher Building
       & U.S. Courthouse
       402 East State Street
       Room 2020
       Trenton, NJ 08608

**PLEASE TAKE NOTICE** that Big Brothers Big Sisters of America (hereinafter "BBBSA"), by and through counsel at Goldberg Segalla LLP, hereby removes the civil action currently pending in the Superior Court of the State of New Jersey, Somerset County, Law Division under Docket No. SOM-L-000604-21 ("the State Court Action"), pursuant to 28 U.S.C. §§ 1441 and 1446, as amended, and in accordance with 28 U.S.C. § 1332, as amended, on the following grounds:

**I. PLEADINGS AND RELEVANT FACTS**

1. On or about April 29, 2021, J.E.F. ("Plaintiff") commenced the State Court Action by filing a Complaint ("Plaintiff's Initial Complaint") with the Deputy Clerk of the Superior Court, Somerset County, New Jersey. In Plaintiff's Initial Complaint, Plaintiff alleged that Plaintiff was sexually abused by Raymond Booth ("Booth") while Booth was volunteering

- 2 -

as a Big Brother for either Big Brothers Big Sisters of Coastal & Northern New Jersey or Big Brothers Big Sisters State Association of New Jersey ("the BBBSA Affiliates"). A copy of Plaintiff's Initial Complaint is annexed hereto as Exhibit A.

2. On or about May 3, 2021, the BBBSA Affiliates were served with copies of Plaintiff's Initial Complaint and a corresponding summons. Copies of the filed Affidavits of Service related to the BBBSA Affiliates are annexed hereto as Exhibits B and C.

3. On or about May 4, 2021, BBBSA was served with a copy of Plaintiff's Initial Complaint and a corresponding summons. A copy of the filed Affidavit of Service related to BBBSA is annexed hereto as Exhibit D.

4. On June 25, 2021 and July 9, 2021, the BBBSA Affiliates and BBBSA filed their Answers to Plaintiff's Initial Complaint. Copies of the pertinent Answers are annexed respectively hereto as Exhibits E and F.

5. The BBBSA Affiliates included a Third-Party Complaint in their Answer, therein naming Booth as a third-party defendant to this action. See Exhibit E at p. 14-15.

6. On July 21, 2021, with the consent of the BBBSA Affiliates and BBBSA, Plaintiff moved to amend Plaintiff's Initial Complaint, therein conceding that he mistakenly identified the BBBSA Affiliates in his Initial Complaint, acknowledging that Big Brothers-Big Sisters of Somerset County ("BBBSA Somerset County") should have been named in their place, and requesting permission to substitute the BBBSA Affiliates for BBBSA Somerset County. A copy of Plaintiff's Motion to Amend (without attachments) is attached hereto as Exhibit G.

7. On August 9, 2021, Plaintiff received permission to make the aforementioned substitution and file and serve his Amended Complaint. A copy of the Somerset County Court's Order is attached hereto as Exhibit H.

- 3 -

8. On August 17, 2021, Plaintiff filed his Amended Complaint, therein naming BBBSA and BBBSA of Somerset County as the sole defendants in the State Court Action. A copy of Plaintiff's Amended Complaint is attached hereto as Exhibit I.

9. Booth was never served with the BBBSA Affiliates' Third-Party Complaint. Additionally, the BBBSA Affiliates were responsible for the only claims pending against Booth and they were dismissed from this matter. See Exhibits F and H. As such, all claims pending against Booth have been extinguished—he is no longer a named party to this action.

10. BBBSA Somerset County was dissolved in 1991. A copy of the Certificate of Dissolution of BBBSA Somerset County is annexed hereto as Exhibit J.

11. Plaintiff was aware that BBBSA Somerset County was dissolved when Plaintiff filed his Motion to Amend. A copy of an email chain between counsel dated July 9, 2021 – July 14, 2021 is annexed hereto as Exhibit K ("We intend to dismiss the [Initial Local Affiliates] and substitute in [BBBSA Somerset County], which was dissolved in April 1991.").

12. Plaintiff is a resident of and resides in the State of New Jersey. See Exhibit H.

13. The BBBSA Affiliates have principal places of business in New Jersey. See Exhibit E.

14. BBBSA Somerset County had a principal place of business in New Jersey before its formal dissolution. See Exhibit J.

15. BBBSA was and is a Florida corporation with a principal place of business in Florida. See Exhibit F.

**II.   LEGAL GROUNDS FOR REMOVAL**

16. This matter may be removed pursuant to 28 U.S.C. § 1332, 28 U.S.C. § 1441, and 28 U.S.C. § 1446 because, as explained below: BBBSA Somerset County was fraudulently

- 3 -
30658191.v8

joined as a named defendant in the Amended Complaint; BBBSA and Plaintiff are of a diverse state citizenship; the matter in controversy exceeds $75,000.00; no interested party at home in the forum jurisdiction has been properly named and served with the Amended Complaint; and diversity jurisdiction did not exist until Plaintiff filed his Amended Complaint.

**A.     Diversity Jurisdiction Exists Between the Plaintiff and the Non-Fraudulently Joined Defendant (BBBSA)**

17.    Although diversity jurisdiction ordinarily only exists when the amount in controversy exceeds the sum or value of $75,000.00 and when each plaintiff is of a diverse state citizenship from every defendant, 28 U.S.C. § 1332, a diverse defendant may properly remove a pending action if the plaintiff fraudulently joined a non-diverse defendant to defeat diversity jurisdiction. In re Briscoe, 448 F.3d 201, 215-16 (3d Cir. 2006).

18.    "Joinder is fraudulent where there is no reasonable basis in fact or colorable ground supporting the claim against the joined defendant, or no real intention in good faith to prosecute the action against the defendants or seek a joint judgment." Batoff v. State Farm Ins. Co., 977 F.2d 848, 851 (3d Cir. 1992) (internal quotation marks omitted).

19.    Courts may "pierce the pleadings" and look beyond the plaintiff's allegations "for indicia of fraudulent joinder"—they may consider the plaintiff's conduct and other "reliable evidence that the defendant may proffer to support the [requested] removal." Briscoe, 448 F.3d at 218-20.

20.    Plaintiff is a resident of and resides in the State of New Jersey. See Exhibit H.

21.    BBBSA and BBBSA Somerset County are the only defendants named in Plaintiff's Amended Complaint. Id.

22.    BBBSA is a Florida corporation with a principal place of business in Florida. See Exhibit F.

- 5 -

23. Although BBBSA Somerset County formerly had a principal place of business in New Jersey, it was formally dissolved in 1991. See Exhibit J.

24. Plaintiff was aware of BBBSA Somerset County's dissolution at the time he moved to amend his pleadings. See Exhibit K.

25. Plaintiff further noted in his Amended Complaint that BBBSA Somerset County was dissolved in 1991. See Exhibit I at ¶ 4.

26. Consequently, Plaintiff's conduct, BBBSA Somerset County's certificate of dissolution, and Plaintiff's Amended Complaint demonstrate that Plaintiff has no reasonable basis or intent to pursue claims against BBBSA Somerset County. See Exhibits I, J, and K.

27. As BBBSA Somerset County is the only non-diverse defendant named in Plaintiff's Amended Complaint and Plaintiff has no reasonable basis or intent to pursue claims against BBBSA Somerset County, the inclusion of BBBSA Somerset County in Plaintiff's Amended Complaint qualifies as fraudulent joinder and may not prevent removal that is otherwise proper. See Batoff, 977 F.2d at 851.

28. Moreover, the amount in controversy in this matter exceeds $75,000—Plaintiff seeks damages for past and continuing: "severe and permanent emotional distress, including physical manifestations of emotional distress"; "deprivation of the full enjoyment of life"; "expenses for medical and psychological treatment, therapy, and counseling"; and "loss of income and/or loss of earning capacity". See Exhibit I at ¶ 46.

29. Because BBBSA and Plaintiff are of a diverse citizenship, BBBSA Somerset County was fraudulently joined to defeat said citizenship, and the amount in controversy exceeds $75,000, removal of this action is proper. In re Briscoe, 448 F.3d at 215-16.

**B.     No Forum Defendant Has Been or Can Be Properly Joined and Served**

30.     "A civil action removable solely on the basis of [diversity jurisdiction] may not be removed if any of the parties in interest <u>properly joined and served as defendants</u> is a citizen of the State in which such action is brought". 28 U.S.C. § 1441 (emphasis added).

31.     In the Third Circuit, litigants need not wait to be joined and served with a pleading to initiate removal proceedings.  <u>Encompass Ins. Co. v. Stone Mansion Rest. Inc.</u>, 902 F.3d 147, 154 (3d Cir. 2018).

32.     BBBSA is a Florida corporation with a principal place of business in Florida.

33.     BBBSA Somerset County, as a dissolved entity, may not be properly joined and served.  <u>See</u> Exhibit J.

34.     As the parties in interest to Plaintiff's Amended Complaint have not been joined and served (and the only defendant that may be properly joined and served is not a citizen of Plaintiff's chosen forum—New Jersey), removal is proper pursuant to 28 U.S.C. § 1441.

**C.     Removal is Timely**

35.     "[I]f [a] case started by the initial pleading is not removable, a notice of removal may be filed within thirty days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable."  28 U.S.C. § 1446.

36.     Plaintiff's Initial Complaint identified the BBBSA Affiliates as defendants. The BBBSA Affiliates each had principal places of business in New Jersey and their presence as interested parties in the litigation prevented removal.

37.     Removal did not become possible until August 17, 2021, the date upon which Plaintiffs' Motion to Amend was granted, thereby substituting the BBBSA Affiliates for BBBSA Somerset County and providing BBBSA with grounds to argue and establish fraudulent joinder.

30658191.v8

- 7 -

38. As such, BBBSA's removal petition is timely filed.  <u>See</u> 28 U.S.C. § 1446.

Dated: August 23, 2021  Respectfully submitted,

/s/ _____

David S. Osterman, Esq.
GOLDBERG SEGALLA LLP
301 Carnegie Center Drive, Suite 200
Princeton, New Jersey 08540-6587
TEL 609.986.1310
FAX 609.986.1301
dosterman@goldbergsegalla.com
*Attorneys for Big Brothers Big Sisters of America*

## **CERTIFICATE OF SERVICE**

I certify that on August 23, 2021, I filed the foregoing Notice of Removal via the Court's CM/ECF electronic filing system, which will give notice to all parties and their counsel of record. I also served a copy of the foregoing via regular U.S. Mail upon:

>Benjamin D. Andreozzi, Esq.
>ANDREOZZI + FOOTE
>4503 North Front Street
>Harrisburg, PA 17110
>Attorneys for Plaintiff

/s/ _____
David S. Osterman, Esq.
GOLDBERG SEGALLA LLP
301 Carnegie Center Drive, Suite 200
Princeton, New Jersey 08540-6587
TEL 609.986.1310
FAX 609.986.1301
dosterman@goldbergsegalla.com
*Attorneys for Big Brothers Big Sisters of America*

30658191.v8