*EXHIBIT A*

**ANDREOZZI + FOOTE**
Benjamin D. Andreozzi, Esq. (NJ ID No. 311002019)
ben@vca.law
4503 North Front Street, Harrisburg, PA 17110
Ph: 717.525.9124 | Fax: 717.525.9143
*Attorney for Plaintiff*

---

| | |
|---|---|
| J.E.F. | SUPERIOR COURT OF NEW JERSEY |
| *Plaintiff*, | CIVIL DIVISION: SOMERSET COUNTY |
| | DOCKET NO.: _____ |
| vs. | |
| | **COMPLAINT, JURY DEMAND, AND** |
| BIG BROTHERS BIG SISTERS OF | **DEMAND FOR PRODUCTION OF** |
| AMERICA; BIG BROTHERS | **DOCUMENTS** |
| BIG SISTERS STATE ASSOCIATION | |
| OF NEW JERSEY and BIG BROTHERS | |
| BIG SISTERS OF COASTAL & | |
| NORTHERN NEW JERSEY; | |
| JOHN DOES 1 – 10; and | |
| ABC CORPORATIONS 1 – 10. | |
| *Defendant(s)*. | |

---

The Plaintiff, by way of Complaint against the Defendant(s), brings this action and allege as follows:

## INTRODUCTION

1. This matter arises from Plaintiff's child sexual abuse while in the care of the Defendant(s). In 2019, New Jersey substantially amended applicable statutes of limitations to allow for previously time-barred sexual abuse claims. This matter is subject to New Jersey Tort Claims Act, N.J.S.A. 59:2-1.3, as amended (effective Dec. 1, 2019), and N.J.S.A § 2A:14-2B, as amended (effective Dec. 1, 2019).

## PARTIES

2. The Plaintiff, J.E.F., is an adult resident of NEW JERSEY, with an address c/o Andreozzi + Foote, 4503 North Front Street, Harrisburg, PA, 17110. Plaintiff was a minor during the incidents described herein.

3. Defendant BIG BROTHERS BIG SISTERS OF AMERICA ("BBBSA"), is a Florida non-profit corporation currently based at 2502 N. Rocky Point Drive, Suite 550, Tampa, FL 33607 and registered to conduct business in New Jersey.

4. Defendant BIG BROTHERS BIG SISTERS STATE ASSOCIATION OF NEW JERSEY ("BBBSSANJ") is an association currently based at 305 Bond Street, 2nd Floor, Asbury Park, NJ 07712, existing of 8 BBBSA agencies within New Jersey.

5. Defendant BIG BROTHERS BIG SISTERS OF COASTAL & NORTHERN NEW JERSEY ("BBBSCNNJ") is a BBBSA agency currently based at 305 Bond Street, 2nd Floor, Asbury Park, NJ 07712, serving several counties, including Somerset.

6. Defendants JOHN DOES 1 – 10 (true names unknown) are individuals who may be liable for the allegations herein.

7. Defendants ABC CORPORATIONS 1 – 10 (true names unknown) are entities that may be liable for the allegations herein.

8. At all relevant times, Defendant(s) were acting in their individual capacities, and/or by their actual or ostensible agents, servants, employees, or other entities or individuals over whom Defendant(s) had control or right of control, including, but not limited to, RAYMOND BOOTH (the "Perpetrator").

9. At all relevant times, the Defendant(s) were and continue to be an organization(s) or entity comprised of other entities, officials, employees, and/or agents authorized to conduct business and conducting business in the State of New Jersey.

## VENUE

10. Venue is proper in this County pursuant to Rule 4:3-2, as Plaintiff's cause of action arose in this County.

## FACTS

### History of the Big Brothers Big Sisters Program

11. BBBSA markets the organization as a more than 100-year-old youth serving organization that "bring[s] caring role models into the lives of children."

12. More broadly, BBBSA's primary work involves one-on-one mentoring programs, in that BBBSA "Bigs" have a one-on-one relationship with "Littles."

13. By the very nature of BBBSA programs, much of this "Big" and "Little" one-on-one contact is largely unsupervised.

14. For many years, it has been known that child predators ally themselves with organizations, like BBBSA, that provide unsupervised access to children.

15. Sadly, child sexual abuse is an inherent risk in such youth-serving programs.

16. The degree of risk of child sex abuse is correlated to the amount of one-on-one, unsupervised contact between adults and children in a youth serving context.

17. BBBSA's structure creates an attractive situation for child sexual predators.

18. By the 1970s, BBBSA knew of this risk to child safety, and began to study the problem of child predation within the organization.

19. BBBSA leadership acknowledged in the 1970s that the organization "attracts those who may abuse our children."

20. In 1982, BBBSA generated a report on the problem of child predators within its ranks, which stated, in part that "Littles" are "high risk for the potential abuser."

21. The BBBSA's 1982 report contained recommendations regarding screening "Big" applicants, characteristics of child abusers, how to supervise "Big/Little" relationships, and

contained a recommendation that children and parents in the program receive an orientation regarding child sex abuse.

22. The 1982 report further notes that the "pedophilic applicant will generally try to encourage overnight visits, weekend stays at his home, or trips which involve travel very early in the relationship."

23. In 1991, the American Bar Association conducted an evaluation of child sex abuse allegations within BBBS, which revealed:

    a. 304 reports of sexual abuse in BBBS programs between 1982 and 1991;

    b. Most sexual abusers were Big brothers;

    c. Most abused children were Little brothers; and,

    d. Much of the sexual abuse within BBBS programs occurred in Big brother's homes.

24. A later BBBSA report exposed that from 1991 to 1999, there were at least another eighty-plus allegations of child sex abuse within the organization.

25. Another report on abuse allegations within BBBSA was done for the period from 1999 to 2003, and again, BBBSA identified at least 64 allegations of abuse.

26. Both later reports revealed the same abuse pattern – abusers were Big brothers abusing Little brothers, most often in the Big brother's home.

27. The well-documented history of child sexual abuse in BBBS programs put BBBSA on clear notice of the risk that children would be sexually abused by Bigs.

29. Despite this, BBBSA did not reasonably make others aware of the risks, including: (1) staff responsible for selecting and overseeing the volunteers and the children matched with them in local BBBS organizations (like BBBSSANJ and/or BBBSCNNJ), and (2) "Littles" and their parents.

29. Indeed, BBBSA did not make the risk of child sexual abuse in the organization public until 2012.

### BBBSA's Relationship with Local BBBS Affiliates

30. BBBSA manages its relationships with local BBBS "affiliates" through "affiliate agreements."

31. BBBSA, upon information and belief, maintains such "affiliate agreements" with its New Jersey area locals, including co-Defendant(s) BBBSSANJ and BBBSCNNJ.

32. Under the agreement, local BBBS affiliates must adhere to standards set by BBBSA.

33. To enforce compliance, BBBSA performs reviews and evaluations of local BBBS affiliates (like BBBSSANJ and BBBSCNNJ).

34. BBBSA has the power to terminate an affiliate that does not comply with BBBSA standards.

35. Among the standards BBBSA imposes on locals like BBBSSANJ and BBBSCNNJ are those theoretically designed to prevent child sex abuse within BBBS mentoring programs.

36. BBBSA developed and promulgated a child sex abuse training program for all its local affiliates, including BBBSSANJ and BBBSCNNJ.

37. BBBSA, however, did not ensure use or compliance with its child sex abuse prevention program(s) by local affiliates, nor did BBBSA's child sex abuse training program mention anything about the known history of sexual abuse within the organization.

38. BBBSA's training program did not disclose to participants the known patterns of abuse acknowledged in BBBSA's internal documents.

39. Also, at all times relevant, neither BBBSA nor BBBSSANJ and BBBSCNNJ

imposed appropriate restrictions on Big brothers bringing Little brothers into their homes, despite the risks associated with such behavior

40. Likewise, adequate restrictions were not placed on overnight trips/visits.

**Perpetrator Sexually Abuses Plaintiff**

41. Plaintiff was enrolled in Defendant(s) organization(s) in approximately 1985 and was paired with Big brother, Perpetrator.

42. At the time, Plaintiff was under 18 years of age and the Perpetrator was over the age of 18.

43. The Perpetrator used the Big/Little relationship, facilitated by BBBSA, BBBSSANJ and BBBSCNNJ, to groom and sexually abuse Plaintiff.

44. Plaintiff routinely stayed overnight with the Perpetrator.

45. All of the Perpetrator's behavior was consistent with the abuse patterns recognized by BBBSA, BBBSSANJ and BBBSCNNJ.

46. The Perpetrator's position with BBBSSANJ, BBBSCNNJ and/or BBBSA gave him the trust of Plaintiff's family and allowed the Perpetrator access to Plaintiff unsupervised.

47. Understandably, Plaintiff's family trusted BBBSA, BBBSSANJ and BBBSCNNJ to keep Plaintiff safe.

48. However, BBBSA, BBBSSANJ and BBBSCNNJ failed to adhere to the applicable standards for a youth serving organization in this context, causing Plaintiff to be sexually abused by the Perpetrator.

49. As a direct and proximate cause of the actions and omissions of the Defendant(s) described herein, Plaintiff has suffered severe and permanent injuries, for which the Defendants are jointly and severally liable, as follows:

a. Plaintiff suffered, and continues to suffer, severe and permanent emotional distress, including physical manifestations of emotional distress;

b. Plaintiff suffered, and continues to suffer, deprivation of the full enjoyment of life;

c. Plaintiff incurred, and continues to incur, expenses for medical and psychological treatment, therapy, and counseling; and,

d. Plaintiff incurred and will continue to incur, loss of income and/or loss of earning capacity.

## COUNT I – NEGLIGENCE, GROSS NEGLIGENCE, RECKLESSNESS, MALICE, WILLFUL & WANTON ACTS & OMISSIONS

### Plaintiff v. Defendant(s)

50. All paragraphs in this Complaint are incorporated herein.

51. Defendant(s) owed a duty of care to all minor persons, including Plaintiff, who were likely to encounter Perpetrator in his role as a Big.

52. The recklessness, negligence, and/or carelessness of the Defendant(s), through their actual and/or apparent agents, servants, and/or employees, includes, among other things:

a. Recklessly, negligently, and/or carelessly failing to report Perpetrator's behavior to the appropriate authorities as required by law;

b. Recklessly, negligently, and/or carelessly failing to observe and supervise the relationship between Perpetrator and Plaintiff;

c. Recklessly, negligently, and/or carelessly failing to have policies and procedures regarding the supervision of Perpetrator;

d. Recklessly, negligently, and/or carelessly failing to recognize Perpetrator posed a risk of sexual abuse of children;

e. Recklessly, negligently, and/or carelessly failing to require supervision and observation of Perpetrator generally, and specifically of Perpetrator and Plaintiff;

f. Recklessly, negligently, and/or carelessly failing to investigate Perpetrator's abuse of children;

Page 7 of 15

g. Recklessly, negligently, and/or carelessly failing to identify Perpetrator as an actual or potential sexual abuser;

h. Recklessly, negligently, and/or carelessly failing to investigate and/or identify Perpetrator as a pedophile;

i. Recklessly, negligently, and/or carelessly failing to investigate and/or identify Perpetrator's abuse of Plaintiff;

j. Recklessly, negligently, and/or carelessly failing to adequately check Perpetrator's background;

k. Recklessly, negligently, and/or carelessly failing to have policies and procedures in place to screen agents/employees for the possibility of sexual predation and/or pedophilia;

l. Recklessly, negligently, and/or carelessly failing to warn Plaintiff of the risk posed by Perpetrator;

m. Recklessly, negligently, and/or carelessly recommending and/or agreeing that Perpetrator could serve or continue to serve with the Defendants;

n. Recklessly, negligently, and/or carelessly violating the duties imposed on them by the applicable sections of the Restatement (Second) of Torts, including, but not limited to, Sections 314A, 314, 317, 318, 323, 324A, 343, 343B, and 344 of the Restatement (Second) of Torts; and,

o. Failure to use due care and reasonable precautions under the circumstances.

53. The breaches by Defendant(s) resulting from their recklessness, negligence, and/or carelessness were in no manner whatsoever due to any act or failure to act by Plaintiff.

54. Defendant(s) knew or should have known of the severe risks posed by their acts or failures to act as outlined herein.

55. As a direct and proximate result of the Defendant(s)' acts or omissions described herein, Plaintiff suffered injuries.

56. Plaintiff seeks punitive damages of Defendant(s) pursuant to New Jersey's Punitive Damages Act, N.J.S.A Sect. 2A:15-5.12 for Defendant(s)' malicious and/or willful and wanton acts and omissions described herein.

**WHEREFORE**, Plaintiff demands judgment against Defendant(s), individually, jointly, vicariously, and/or severally, exclusive of prejudgment interest, costs, and damages for pre-judgment delay, including punitive damages, and such other relief as this Court deems legal and appropriate.

### COUNT II – INTENTIONAL AND/OR NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS

**Plaintiff v. Defendant(s)**

57. All paragraphs in this Complaint are incorporated herein.

58. As a direct and proximate result of the intentional and/or negligent conduct of the Defendant(s) described throughout this Complaint, Plaintiff suffered severe emotional distress and suffering.

59. Plaintiff seeks punitive damages of Defendant(s) pursuant to New Jersey's Punitive Damages Act, N.J.S.A Sect. 2A:15-5.12 for Defendant(s)' malicious and/or willful and wanton acts and omissions described herein.

**WHEREFORE**, Plaintiff demands judgment against Defendant(s), individually, jointly, vicariously, and/or severally, exclusive of prejudgment interest, costs, and damages for pre-judgment delay, including punitive damages, and such other relief as this Court deems legal and appropriate.

# COUNT III – NEGLIGENT, GROSSLY NEGLIGENT, RECKLESS, WILLFUL AND WANTON AND MALICIOUS SUPERVISION

### Plaintiff v. Defendant(s)

60. All paragraphs in this Complaint are incorporated herein.

61. Defendant(s) knew or should have known of the need to supervise agents, including specifically Perpetrator, when with and/or around children.

62. Defendant(s) knew or should have known of the risk posed by Perpetrator, and by agents generally, based on their experience and knowledge of abusive agents, including Perpetrator.

63. The recklessness, negligence, and/or carelessness of the Defendant(s), by their actual and/or apparent agents, servants, and/or employees, included, among other things:

    a. Recklessly, negligently, and/or carelessly failing to observe and supervise the relationship between Perpetrator and Plaintiff;

    b. Recklessly, negligently, and/or carelessly failing to have policies and procedures regarding the supervision of Perpetrator;

    c. Recklessly, negligently, and/or carelessly failing to recognize Perpetrator posed a risk of sexual abuse of children;

    d. Recklessly, negligently, and/or carelessly failing to require supervision and observation of Perpetrator generally, and specifically of Perpetrator and Plaintiff;

    e. Recklessly, negligently, and/or carelessly failing to investigate Perpetrator's abuse of children;

    f. Recklessly, negligently, and/or carelessly failing to identify Perpetrator as a sexual abuser;

    g. Recklessly, negligently, and/or carelessly failing to investigate and/or identify Perpetrator as a pedophile;

    h. Recklessly, negligently, and/or carelessly failing to investigate and/or identify Perpetrator's abuse of Plaintiff;

i. Recklessly, negligently, and/or carelessly failing to adequately check Perpetrator's background;

j. Recklessly, negligently, and/or carelessly failing to have policies and procedures in place to screen employees/agents for the possibility of sexual predation and/or pedophilia;

k. Recklessly, negligently, and/or carelessly failing to warn Plaintiff of the risk posed by Perpetrator;

l. Recklessly, negligently, and/or carelessly recommending and/or agreeing that Perpetrator could serve or continue to serve in the Defendant(s);

m. Recklessly, negligently, and/or carelessly violating the duties imposed on them by the applicable sections of the Restatement (Second) of Torts, including, but not limited to, Sections 314A, 314, 317, 318, 323, 324A, 343, 343B, and 344 of the Restatement (Second) of Torts; and,

n. Failure to use due care and reasonable precautions under the circumstances.

64. The breaches by Defendant(s) resulting from their recklessness, negligence, and/or carelessness were in no manner whatsoever due to any act or failure to act by Plaintiff.

65. Defendant(s) knew or should have known of the severe risks posed by their acts or failures to act as outlined herein.

66. As a direct and proximate result of the Defendant(s)' acts or omissions described herein, Plaintiff suffered injuries.

67. Plaintiff seeks punitive damages of Defendant(s) pursuant to New Jersey's Punitive Damages Act, N.J.S.A Sect. 2A:15-5.12 for Defendant(s)'s malicious and/or willful and wanton acts and omissions described herein.

**WHEREFORE**, Plaintiff demands judgment against Defendant(s), individually, jointly, vicariously, and/or severally, exclusive of prejudgment interest, costs, and damages for pre-judgment delay, including punitive damages, and such other relief as this Court deems legal and appropriate.

## COUNT IV – NEGLIGENT, GROSSLY NEGLIGENT, RECKLESS, WILLFUL AND WANTON AND MALICIOUS HIRING AND RETENTION

### Plaintiff v. Defendant(s)

68. All paragraphs in this Complaint are incorporated herein.

69. Defendant(s) knew or should have known of the risk posed by Perpetrator, and by agents generally, based on their experience and knowledge of abusive agents, including Perpetrator.

70. Defendant(s) knew or should have known that access to children made Defendant(s) an enticing vocation for child predators, such that Defendant(s) had a duty to hire competent and screened employees/agents.

71. Defendant(s) failed to use due care in the selection and retention of Perpetrator as an agent.

72. The recklessness, negligence, and/or carelessness of the Defendant(s), through their actual and/or apparent agents, servants, and/or employees, included, among other things:

    a. Recklessly, negligently, and/or carelessly failing to observe and supervise the relationship between Perpetrator and Plaintiff;

    b. Recklessly, negligently, and/or carelessly failing to have policies and procedures regarding the supervision of Perpetrator;

    c. Recklessly, negligently, and/or carelessly failing to recognize Perpetrator posed a risk of sexual abuse of children;

    d. Recklessly, negligently, and/or carelessly failing to require supervision and observation of Perpetrator generally, and specifically of Perpetrator and Plaintiff;

    e. Recklessly, negligently, and/or carelessly failing to investigate Perpetrator's abuse of children;

    f. Recklessly, negligently, and/or carelessly failing to identify Perpetrator as a sexual abuser;

g. Recklessly, negligently, and/or carelessly failing to investigate and/or identify Perpetrator as a pedophile;

h. Recklessly, negligently, and/or carelessly failing to investigate and/or identify Perpetrator's abuse of Plaintiff;

i. Recklessly, negligently, and/or carelessly failing to adequately check Perpetrator's background;

j. Recklessly, negligently, and/or carelessly failing to have policies and procedures in place to screen employees/agents for the possibility of sexual predation and/or pedophilia;

k. Recklessly, negligently, and/or carelessly failing to warn Plaintiff of the risk posed by Perpetrator;

l. Recklessly, negligently, and/or carelessly recommending and/or agreeing that Perpetrator could serve or continue to serve in the Defendant(s);

m. Recklessly, negligently, and/or carelessly violating the duties imposed on them by the applicable sections of the Restatement (Second) of Torts, including, but not limited to, Sections 314A, 314, 317, 318, 323, 324A, 343, 343B, and 344 of the Restatement (Second) of Torts; and,

n. Failure to use due care and reasonable precautions under the circumstances.

73. The breaches by Defendant(s) resulting from their recklessness, negligence, and/or carelessness were in no manner whatsoever due to any act or failure to act by Plaintiff.

74. Defendant(s) knew or should have known of the severe risks posed by their acts or failures to act as outlined herein.

75. As a direct and proximate result of the Defendant(s)' acts or omissions described herein, Plaintiff suffered injuries.

76. Plaintiff seeks punitive damages of Defendant(s) pursuant to New Jersey's Punitive Damages Act, N.J.S.A Sect. 2A:15-5.12 for Defendant(s)' malicious and/or willful and wanton acts and omissions described herein.

**WHEREFORE**, Plaintiff demands judgment against Defendant(s), individually, jointly, vicariously, and/or severally, exclusive of prejudgment interest, costs, and damages for pre-judgment delay, including punitive damages, and such other relief as this Court deems legal and appropriate.

## JURY DEMAND

Plaintiff hereby demands a trial by jury as to all issues so triable.

## DEMAND FOR COMPLAINCE WITH NJ COURT RULE 1:5-1(a) and 4:17-4(c)

Take Notice, that the undersigned attorney, counsel for Plaintiff, hereby demands, pursuant to the provisions of R. 1:5-1(a) and 4:17-4(c), that each party serving pleadings or interrogatories and receiving responses thereto shall serve copies of all such pleadings, interrogatories, and responses thereto upon the undersigned.

## DESIGNATION OF TRIAL COUNSEL

Benjamin D. Andreozzi, Esq., is hereby designated as trial counsel for Plaintiff.

## DEMAND FOR DISCOVERY OF INSURANCE INFORMATION

Pursuant to R. 4:10-2(b), demand is made that Defendant(s) disclose to undersigned counsel whether or not there are any insurance agreements or policies under which any person or firm carrying on an insurance business may be liable to satisfy part or all of a judgment that may be entered in this action, or indemnify or reimburse payments made to satisfy the judgment, and provide undersigned counsel copies of any such agreements or policies. This includes any primary, excess, catastrophic, and/or umbrella insurance agreements, or policies.

## RULE 4:5-1 CERTIFICATION

Undersigned counsel certifies that to my knowledge the matter in controversy is not the subject of any other action pending in any court or a pending arbitration proceeding, nor is any other action or arbitration proceeding contemplated, nor are there any other necessary parties.

Respectfully Submitted,

**ANDREOZZI + FOOTE**

Date: April 29, 2021

/s Benjamin D. Andreozzi
Benjamin Andreozzi, Esq.
Attorney for Plaintiff